UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| ARLENE CAMPBELL, | No. C 12-2466 MEJ |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| HANDLERY UNION SQUARE HOTEL, | **Re: Docket No. 8** |
| Defendant. | |

## INTRODUCTION

On May 15, 2012, Plaintiff Arlene Campbell filed the present Complaint in which she asks the Court to "protect" the Gold Dust Lounge, which is not a party in this action, from Defendant Handlery Union Square Hotel ("Handlery"). Compl., Dkt. No. 1. Handlery now moves the Court pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) to dismiss Campbell's Complaint for lack of subject matter jurisdiction or, alternatively, pursuant to Rule 12(b)(6) on the grounds that Campbell's Complaint fails to state a claim upon which relief can be granted. Dkt. No. 8. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument. After carefully considering the parties' arguments and the controlling legal authorities, the Court GRANTS Handlery's Motion for the reasons set forth below.

## BACKGROUND

Campbell's Complaint consists of a civil case cover sheet and a one-page, seemingly incomplete, handwritten complaint. On the civil cover sheet, Campbell indicates that she is suing "for Gold Dust Lounge," a bar that was formerly located in the Union Square District of San Francisco. Compl., p. 1. She indicates that, with regard to the basis for jurisdiction, she is the United States Government and the two parties are diverse. *Id.* She nevertheless also indicates that both

parties are incorporated in, or have their principal place of business in, California. *Id.* Campbell further indicates that her suit is based in contract, tort, real property, civil rights, and other statutes (specifically, "Racketeer Influenced and Corrupt Organizations"). *Id.* She describes her cause of action as "personal injury against small business; attack against alcohol; tobacco; asociations [sic] the right sell alcohol as a small busines [sic]," and where prompted to indicate the federal statute under which she is filing, she wrote only "other personal injury." *Id.* Campbell also indicates that the case is a class action, but does not indicate any amount demanded. *Id.* Handlery now moves to dismiss Campbell's Complaint.

## DISCUSSION

In its motion, Handlery argues that the Court should dismiss Campbell's Complaint with prejudice because: (1) the Court lacks subject matter jurisdiction pursuant to Rule 12(b)(1); and (2) the complaint fails to articulate a cognizable legal theory, or to allege even the most basic facts essential to a cause of action, pursuant to Rule 12(b)(6). Def.'s Mot. at 3, Dkt. No. 8. Specifically, Handlery argues that, despite this recent federal court filing and her filing of three other suits in state court against it, Handlery "is still not sure who Campbell is, what legal theory she is attempting to assert, or precisely what relief she seeks. All Handlery Hotels can ascertain is that Campbell is unhappy with Handlery Hotels' decision to terminate the lease for the Gold Dust Lounge . . . ."[1] *Id.*

Campbell initially failed to respond to Handlery's motion. However, after the Court issued an order to show cause (Dkt. No. 13), Campbell filed a "Special Circumstance" Notice, which appears to

---

[1] Handlery requests that the Court take judicial notice of Campbell's three complaints filed against it in San Francisco Superior Court: (1) *Campbell v. Handlery Union Square Hotel and Corporation* (San Francisco Superior Court Case No. CGC-12-518690); (2) *Campbell v. Handlery Union Square Hotel and Corporation* (San Francisco Superior Court Case No. CGC-12-519459); and (3) *Campbell v. Handlery Union Square Hotel* (San Francisco Superior Court Case No. CGC-12-520778). Under the Federal Rules of Evidence, this Court may take judicial notice of any fact that "is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. of Evid. 201(b). Under Rule 201(b), courts may take notice of court records. *Stimac v. Wieking*, 785 F.Supp.2d 847, 849 (N.D. Cal. 2011). Accordingly, Handlery's request is GRANTED.

be an opposition. Dkt. No. 15. In it, Campbell states that "Handlery Union Square has a high disregard to society and human feelings." *Id.* at 1. She appears to argue that Handlery abused Gold Dust Lounge, a "long-term tenant," and intimidated the lounge by taking away "the rights to renew a lease by choice." *Id.*

Because the Court finds Handlery's jurisdictional argument dispositive, it turns to it first.

**A.    Legal Standard**

Federal courts are courts of limited jurisdiction and these limits, whether imposed by the Constitution or by Congress, cannot be disregarded or evaded. *Kokkonen v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375, 377 (1994); *Al Nieto v. Ecker*, 845 F.2d 868, 871 (9th Cir. 1988) (holding that a federal court's "power to adjudicate claims is limited to that granted by Congress, and such grants are not to be lightly inferred"). Federal courts have original jurisdiction over cases that involve diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen*, 511 U.S. at 377 (1994). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979).

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. *See, e.g., Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-40 (9th Cir. 2003), *cert denied*, 541 U.S. 1009 (2004). Courts will not infer evidence supporting federal subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377 ("It is to be presumed that a cause lies outside [the federal court's] limited jurisdiction."). The burden of proof on a Rule 12(b)(1) motion is on a party asserting jurisdiction. *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, ¶¶ 211, 231 (2012). On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. *Id.*

**B.    Application to the Case at Bar**

Here, on the civil cover sheet, Campbell checked boxes indicating that the basis for

3

jurisdiction is her being the United States Government and the two parties being diverse. Compl., p. 1. A civil cover sheet, however, is merely "an administrative document designed to facilitate the court's management of a trial." *Wall v. Nat'l R.R. Passenger Corp.*, 718 F.2d 906, 909 (9th. Cir. 1983) (checking the jury demand box on a civil cover sheet is not a sufficient substitute for a jury demand under Federal Rule of Civil Procedure 38). Checking boxes on the civil cover sheet is not a substitute for alleging facts establishing jurisdiction in a complaint. *Id.*

Campbell makes no allegation in the Complaint that she is "the United States" or an "agency or officer thereof expressly authorized to sue by Act of Congress," *see* 28 U.S.C. § 1345, and the Court finds no indication that she is able to do so. Nor does Campbell allege that the amount in controversy exceeds $75,000, or that the parties are actually diverse. *See* 28 U.S.C. § 1332(a). To the contrary, in the civil cover sheet, she concedes that the parties are not diverse, checking boxes denoting that both parties are incorporated in, or have their principal place of business in, California. Compl., p. 1. Moreover, as to federal question jurisdiction, when asked to indicate the federal statute under which she is filing, she identified RICO on the civil cover sheet, but no such claims exist in her Complaint. *Id.*

Even if Plaintiff were able to establish that jurisdiction is possible, standing is lacking. "Because standing . . . pertain[s] to a federal court's subject-matter jurisdiction under Article III, [it is] properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) . . . ." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). To have standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984) (emphasis added). Campbell repeatedly states that she is suing "for Gold Dust Lounge." Compl., ¶. 1-2. But Campbell has not alleged any facts demonstrating that she has any affiliation with that bar, or that she may file suit on its behalf. She has alleged neither personal injury nor any unlawful conduct by Handlery, much less a causal relationship between the two. Compl., p. 2. She therefore lacks standing, and this court lacks subject matter jurisdiction. *See White*, 227 F.3d at 1242 ; *Allen*, 468 U.S. at 751.


**CONCLUSION**

For the reasons sets forth above, the Court **GRANTS** Handlery's Motion and **DISMISSES** Campbell's Complaint for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: August 2, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge